UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LORI CASLER,

                                      Plaintiff,

                                                                                  DECISION AND ORDER

                                                                                      09-CV-6606L

                        v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                                      Defendant.
_____

       Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), to review the Commissioner's final determination denying her application for Social Security disability benefits.

       On May 11, 2007, plaintiff, then thirty-three years old, filed an application for a period of disability and Social Security disability insurance benefits under Title II of the Social Security Act. Plaintiff alleged an inability to work since November 4, 2005, due to a depressive disorder. (T. 33, 1170-182). Her application was initially denied. (T. 41). Plaintiff requested a hearing, which was held on August 26, 2009 before Administrative Law Judge ("ALJ") Wallace Tannenbaum. (T. 19-26). The ALJ issued a decision on August 26, 2009, concluding that plaintiff was not disabled under the Social Security Act. *Id*. That decision became the final decision of the Commissioner when the Appeals Council denied review on November 6, 2009. (T. 1). Plaintiff now appeals. The Commissioner has moved (Dkt. #3) and plaintiff has cross-moved (Dkt. #6) for summary judgment.

**DISCUSSION**

       Determination of whether a claimant is disabled within the meaning of the Social Security Act requires an ALJ to follow a five-step sequential evaluation. *See Bowen v. City of New York*, 476

U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 CFR §404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two, and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, e.g., that imposes significant restrictions on the claimant's ability to perform basic work activities. 20 CFR §404.1520(c). If not, the analysis concludes with a finding of "not disabled." If so, the ALJ continues to step three.

At step three, the ALJ examines whether the claimant's impairment meets or equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4. If the impairment meets or medically equals the criteria of a listing and meets the durational requirement (20 CFR §404.1509), the claimant is disabled. If not, analysis proceeds to step four, and the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or metal work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 CFR §404.1520(e), (f). Then, the ALJ determines whether the claimant's RFC permits her to perform the requirements of her past relevant work. If so, the claimant is not disabled. If not, analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled, by presenting evidence demonstrating that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir.1999) (quoting *Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir.1986)). *See* 20 CFR §404.1560(c).

The Commissioner's decision should be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. § 405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir.2002). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. N.L.R.B.*, 305

U.S. 197, 229 (1938)). "The Court carefully considers the whole record, examining evidence from both sides 'because an analysis of the substantiality of the evidence must also include that which detracts from its weight.'" *Tejada v. Apfel,* 167 F.3d 770, 774 (2d Cir. 1998) *quoting Quinones v. Chater*, 117 F.3d 29, 33 (2d Cir.1997). However, "it is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir.1999). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, [this Court] will not substitute our judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir.2002).

ALJ Tannenbaum's decision analyzing plaintiff's claim of disability makes the appropriate analysis at each of the completed steps, and its conclusions are supported with detailed findings of fact. Upon review of the entire record, I believe that the ALJ applied the correct legal standards, and that his finding that plaintiff is not totally disabled is supported by substantial evidence.

The ALJ detailed the pertinent medical evidence, focusing particularly on plaintiff's major depression (classified as "mild to moderate") and social phobia (also "mild to moderate"), which he determined together constituted a severe mental impairment not meeting or equaling a listed impairment. I believe the evidence supports the ALJ's conclusion that plaintiff, then a thirty-six year-old woman with a ninth grade education and GED, and past employment as an electronics assembler, had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, but with non-exertional limitations consisting of the inability to work with the general public and only occasional contact with supervisors or coworkers. I further agree with his conclusion that plaintiff was not totally disabled, due to the ALJ's finding at step four that plaintiff's RFC permitted her to return to her past relevant work as an electronics assembler, a light to medium exertion, unskilled job that did not require more than occasional interaction with coworkers and supervisors, and no contact with the general public.

In determining plaintiff's RFC, the ALJ considered, inter alia, plaintiff's treatment notes for depression, which reflected initial symptoms of anxiety and suicidal ideation following a hysterectomy in 2005. Prior to that time, plaintiff had successfully worked as an electronics assembler before discontinuing work to take care of her child. She later testified that she had not encountered any difficulties with socialization or authority in her previous employment. (T. 129, 153). Plaintiff was treated at Wayne Behavioral Health with medication and counseling, and her treatment notes reflect immediate and continued improvement in her condition, with later reports noting no thoughts of suicide, and stating that plaintiff's anxiety levels with respect to discomfort around others "continue[d] to be manageable . . . this obj[ective] has been resolved." (T. 326). At the time of her application, plaintiff continued to receive individual therapy about twice a month, and to take anti-depressant medications. (T. 266-283). According to her treating physicians, her outlook has improved, her medications are as effective as can be expected, and plaintiff is succeeding in her efforts to manage her anxiety and avoid isolating herself, attending family events and yard sales, and planning a vacation. (T. 243-245 253-254, 314, 326-328).

While the opinions of treating physicians are generally afforded controlling weight, the ALJ appropriately found that the mental health RFC assessment signed by plaintiff's treating psychiatrist, Royle Miralles (Exh. T. 289-292) appeared to describe exaggerated levels of social impairment – that is, "poor" ability (defined as "no useful ability") to maintain social functioning – which was not reflected elsewhere in the record, and/or did not compel a finding of disability. Indeed, the only evidence of record that is consistent with Dr. Miralles's mental RFC assessment of plaintiff's social functioning is the earliest of plaintiff's treatment notes, prior to the improvements in her outlook, social functioning and anxiety that are consistently recorded thereafter.

Dr. Miralles' assessment also describes levels of limitation in social functioning, concentration and ability to respond appropriately to others that are dramatically more significant than other evidence of record indicates, and stands in contrast to the opinions of plaintiff's examining and consultative physicians. For example, although plaintiff suffers from anxiety in

connection with public activities and difficulties in social functioning, she attends school events for her children, shops, performs housekeeping tasks, spends large amounts of time "chatting" online with others, and performs all aspects of personal care for herself and her children (T. 122-126, 328). The examining and consultative sources consistently and uniformly characterize plaintiff's restrictions as mild to moderate difficulty with performing only *complex* tasks, concentrating, and coping with stress, and moderate to marked difficulties with social interaction and attendance. (T. 165, 205, 209-210, 229, 236-238). In light of this evidence, Dr. Miralles's conclusion that plaintiff has "no useful" ability to maintain social functioning and has "serious" and unpredictable limitations in her ability to remember instructions, concentrate, and respond appropriately to coworkers, appear overly dramatic and unsupported by substantial evidence of record. (T. 290-292). I accordingly find that the ALJ appropriately determined that Dr. Miralles' assessment was not entitled to controlling weight.

      Taken together, the plaintiff's medical records and treating and examining physician reports do not indicate that she is totally disabled. As such, I concur with the ALJ and conclude that there is substantial evidence to support his determination that plaintiff retained the residual functional capacity to perform the full exertional range of work, with non-exertional limitations of no public interaction and only occasional interaction with supervisors and coworkers. Although plaintiff protests that the ALJ should have made more specific findings relative to the specific demands of plaintiff's past relevant work, his factual findings incorporate all of the limitations in plaintiff's RFC, and are consistent with the requirements of plaintiff's former position as she described performing it. (T. 31-32, 356-357). Significantly, plaintiff does not dispute that her past relevant work as an electronics assembler is consistent with her RFC, as determined by the ALJ. As such, I find no reason to modify the ALJ's decision.

**CONCLUSION**

The Commissioner's motion for summary judgment (Dkt. #3) is granted, and plaintiff's motion for summary judgment (Dkt. #6) is denied. The Commissioner's decision that plaintiff, Lori Casler, was not disabled is in all respects affirmed, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       March 31, 2011.